WARDELL *against* EDEN.

Where the plaintiff, after he had assigned a judgment to a third person, and given notice to the defendant of such assignment, entered up satisfaction on the record ; it was held, that the entry of the satisfaction was fraudulent and void, and it was ordered to be vacated.(*a*)

The proper way to try the truth of the allegation of usury, in regard to a

---

(*a*) See note (*a*) to *Andrews* v. *Bucher*, *supra*, vol. 1, p. 411.  The assignment of a judgment divests the assignor of his ownership and control over it. (*Hayden* v. *Walker*, 5 Alabama, 86.  *Harrison* v. *Marshall*, 6 Porter, 65. *Gale* v. *Benson*, 3 Alabama, 234.)  The assignee may therefore bring a suit, (*Harrison* v. *Marshall*,) or sue out execution, (id. ; *Hayden* v. *Walker*,) or collect the money received by an attorney on the judgment, (*Gayle* v. *Benson*,) in the name of the original plaintiff, though he cannot sue on the judgment in his own name.  (*Wilson* v. *McElroy*, 2 Smedes & Marsh. 241.)  Payment of a judgment to the assignor before notice, is, upon analogy to the cases cited in the note above referred to, a satisfaction of the debt ; but as in the assignment of other debts, the rule is otherwise where notice has been given. (*Laughlin* v. *Fairbanks*, 8 Mis. 367.  *Lampson* v. *Fletcher*, 1 Vermont, 168.)

judgment, entered upon a bond and warrant of attorney, is to retain the judgment, and award a feigned issue to try the fact: but where the judgment had been assigned to a *bona fide* purchaser, and notice thereof given to the defendant, the court refused to award an issue, considering a judgment as not within the words of the statute against usury, and having reason to suspect a *collusion* between the plaintiff and the defendant, to defeat the claims of the assignee of the judgment.

An application for a feigned issue, is to the sound discretion of the court; and it is awarded only for the information of the court, or where the party is otherwise without relief; and where the defendant alleged payment to the plaintiff, made by him, on a judgment which had been assigned to a third person, the court, on motion for that purpose, refused to award an issue, to try the truth and validity of the payment; but left the party to his remedy by *audita querela*, as the time when the defendant received notice of the assignment was contested; though the court might, if they had thought proper, have stayed execution on the judgment, until it was revived by *scire facias*, or by an action of debt, when the plaintiff might plead the payments.

HARISON, in behalf of the Bank of New York, assignees of the judgment in this cause, at the last term, moved that the rule for vacating the satisfaction entered in this cause, which was granted *de bene esse*, in October term, 1800, (see *ante*, p. 121,) should be made absolute, or that an [*259] issue be directed to try the truth of *the facts on which the application was founded. The facts are sufficiently stated in the opinion of the court.

*Hamilton*, also argued in support of the motion.

*Burr, Spencer, Van Vechten* and *Wortman*, contra.

Cur. ad vult.

KENT, J. now delivered the opinion of the court. The material facts in this case are these. A bond, with a warrant of attorney to confess judgment for the sum of 50,000 dollars, was executed by the defendant to the plaintiff on the 20th of June last. Judgment was confessed thereon, and docketed on the 8th July, with a *cessat executio* for six months. The judgment was assigned by the plaintiff, for a valuable consideration, to Nathaniel Olcott, on the 27th of July, and by him to William Roe, on the 1st of August. Considerable payments were made by the defendant to the plaintiff in the month of August. On the 6th of October, the

plaintiff and defendant settled, and the ultimate payment being a balance of 1500 dollars was made. The judgment was assigned by Roe to the bank of New York on the 7th of October. The bank gave notice thereof to the defendant on the 9th of October. Satisfaction was acknowledged by the plaintiff on the 10th, and entered of record on the 11th October. It is alleged on the part of the bank that the defendant had notice, at the time, of the assignment to Olcott, but this notice is denied on the part of the defendant.

Upon these facts, a motion is made in behalf of the bank, that the *vacatur* of the satisfaction which was ordered at the last October term, *de bene esse*, be made absolute ; a counter motion is made by the defendant, that the judgment be set aside or that an issue be awarded to try the truth of the allegation, that the bond *was usurious, or, at   [*260] at least, to try the validity of the payments made by the defendant to the plaintiff, subsequent to the assignment to Olcott.

1. With respect to the first motion, I am of opinion that the *vacatur* of satisfaction ought to be made absolute. The assignee of the judgment is to be recognized by this court, as the owner, and all acts of the plaintiff subsequent to the assignment, and affecting the validity of the judgment were fraudulent. He has no more power over the judgment than a stranger. But until the defendant has notice of the assignment, all payments made by him, and all acts of the plaintiff in respect to him are good. (See 1 Term Rep. 619. 4 Term Rep. 340. 1 Bos. and Pull. 447, and Andrews and Beeker, see 1 Johns. Cas. 411, July term, 1800.)

In this case, however, the satisfaction was acknowledged and entered after the defendant had notice, and that act is, therefore, void in respect to him, as well as to the purchaser of the judgment. It is proper that the satisfaction should be done away without any terms being imposed as a condition of the *vacatur*, because, in judgment of law, it was an act done in fraud, and against right.

2. The motion on the part of the defendant is to be considered first in respect to the allegation of usury. If that charge is now to be investigated, yet the judgment ought to stand, in order to preserve the *lien* that it has created upon the land ; and the authorities are clear and decisive, that the proper way to try the question of usury against a judgment entered by confession, is to retain the judgment and award a feigned issue. (Barnes' Cases, 52, 277. Cowp. 737. 1 Bos. and Pull. 270.) But I think the court ought not to aid the plea of usury, under the special circumstances of this case. A *bona fide* purchaser is here the owner of the judgment, and although a bond or note, if usurious, may be void in the hands of a *bona fide* purchaser, because the sta-
[*261] tute *makes the instrument itself void ; yet the case is varied in respect to a judgment which is not within the words of the act.

There are also reasons in this case to suspect that this charge of usury is an afterthought, and that there is a collusion between the plaintiff and defendant, to defeat the claims of the bank. The parties carried on negotiations, and effected payments, from time to time, between the first assignment of the judgment and the 6th of October, the one knowing that the judgment was transferred, and therefore acting fraudulently, and the other acting under circumstances that ought to have put him upon inquiry ; and finally, after direct notice to the defendant, they concur in having satisfaction entered to consummate their transactions, and after failing in their efforts at the last October term to render the satisfaction valid, they now unite in setting up this new impediment to the claims of the assignee. Under these circumstances, I think the court ought not to interfere and help the defence.

3. The next object of the application, on the part of the defendants, is for an issue to try the truth and validity of the payments made by the defendant ; and this will depend upon the time at which the defendant is to be considered as having notice of the assignment of the judgment.

The application for a feigned issue is an application to the

Wardell v. Eden.

sound discretion of the court. These issues appear, from the cases which I have examined, (1 Wils. 331; Sayer, 253; Barnes, 130; Cowp. 727,) to have been granted only for the information of the court, or where the party was otherwise without relief. In the present case the party has a competent remedy as a matter of right. This is by the writ of *audita querela,* which lies where some matter of discharge has arisen for the defendant subsequent to the judgment. It is true, that in many cases where the defendent might be entitled to his *writ of audita querela,* the court [*262] will relieve, in a summary way, upon motion. But as Lord Holt observed, (1 Lord Raym. 439, 445; 1 Salk. 264,) if the ground of the application be a release, or other matter of fact, it is reasonable to put the party to his *audita querela,* because the plaintiff may deny it; and if he deny it the court will not relieve upon motion. In the present case, the period of the notice, and, consequently, the validity, as well as truth of the payments, is contested between the parties, and it is proper that these questions should be left to the ordinary mode established for the trial of facts.(b)

(b) An audita querela is a writ to be delivered against an unjust judgment or execution, by setting them aside for some injustice of the party that obtained them, which could not be pleaded in bar to the action ; for if it could be pleaded, it was the party's own fault; and, therefore, he should not be relieved, that proceedings may not be endless. (Bac. Abr. tit. Audita Querela. Com. Dig. Audita Querela, A. 3. Blacks. Comm. 405. 2 Saunders' R. 148, *a,* n. (1) to *Turner* v. *Davies.*)

The proceeding by audita querela is a regular suit, with its usual incidents, issues of law and fact, trial, judgment and error ; (*Brooks* v. *Hunt,* 17 Johns. 484, 486 ;) and it is said to be in the nature of a bill in equity. (3 Bl. Com. 406. 2 Saund. 148, *ut sup. Lovejoy* v. *Webber,* 10 Mass. 101, 103. *Little* v. *Newburyport Bank,* 14 id. 443, 446.) It has, therefore been held a proper remedy to compel contribution in favor of one judgment debtor against others whose lands were liable equally with his own. (*Wilson* v. *Watron,* Peters C. C. 269. See also, per Gold, arg. in *Bank of United States* v. *Jenkins,* 18 Johns. 305, 307.) Again, it has been called a commission to the judges to examine the cause, (*Ognell* v. *Randol,* Cro. Jac. 29,) and the plaint sounds in tort. (2 Saund 148, *b. Little* v. *Cook ; Lovejoy* v. *Webber; Brackett* v. *Winslow,* cited *infra.*) This writ, being a remedial process, "for some injustice of *the party,*" does not lie upon erroneous acts of the court ; (*Little* v. *Cook,* 1 Aik. 363 ; *Brackett* v. *Winslow,* 17 Mass. R. 159 ; *Lovejoy* v. *Webber, ut sup.* ; but see *Weed* v. *Nutting,* Brayt. 28 ;) for these are either con-.

---

Wardell v. Eden.

---

It is in the power of the court to stay execution upon the judgment, until the same be revived by *scire facias*, or by

clusive or some proceeding in the nature of an appeal will lie. In either case, no remedy by audita querela exists ; (*Weeks* v. *Lawrence*, 1 Verm. 433 ;) even though the writ of error have been taken away by statute. (*Dodge* v. *Hubbell*, 1 Verm. 491. See *Tuttle* v. *Burlington*, Brayt. 27.) In *Weed* v. *Nutting*, (Brayt. 28,) this writ was allowed and judgment and execution set aside when more costs were allowed by a justice of the peace than were warranted by statute. In *Edmondson* v. *King*, (1 Overt. 425,) it was held, that where greater interest than the law allows had been included in a judgment, this writ would not be granted if the creditor would release the excess. Nor will it lie for matters that "could be pleaded."; (*Thatcher* v. *Gammon*, 12 Mass. 270 ; *Flint* v *Sheldon*, 13 Mass. 453 ; *Barrett* v. *Vaughan*, 6 Verm. 243 ;) but is limited to those which could not, either for want of notice, or because of the fraud or collusion of the other party. (*Johnson* v. *Harvey*, 4 Mass. 485. *Smock* v. *Dade*, 5 Rand. 639. See also *Wardell* v. *Eden*, *supra*, p. 258.) In *Young* v. *Collet*, it was said that this remedy did not lie where there was any other remedy at law either by plea or otherwise. (See T. Raym. 89. 2 Saund. 148, *b*.) This writ is a proper remedy where the debt has been paid either before or after judgment, if the creditor obtains and persists in enforcing judgment in fraud upon the debtor. Thus where a person was sued, and before the return of the writ paid the debt, which the plaintiff received in discharge of the action, yet afterwards fraudulently entered the action and obtained judgment, and caused his execution to be levied on the debtor's property, it was held that the debtor was entitled to an audita querela. (*Lovejoy* v. *Webber*, 10 Mass. 101.) So if one be taken in execution after the judgment has been satisfied, audita querela is a proper remedy ; though trespass would lie against the creditor : so, if after commitment he pay the judgment, and still be detained by order of the creditor ; though he might be relieved by habeas corpus. (*Brackett* v. *Winslow*, 17 Mass. 158.) So if one of two judgment debtors pay the sum due, and the execution is returned unsatisfied with the assent of the creditor, and an alias taken out, on which the other debtor is committed, for the purpose of compelling him to contribute his share of the debt, for the relief of him who made the payment, audita querela is the proper remedy. (Id. S. P. *Luddington* v. *Peck*, 2 Conn. 700.)

Where two suits are brought at the same time, for the same cause of action, and proceed, *pari passu*, to judgment and execution, a satisfaction of either judgment may be shown upon audita querela, in discharge of the other. (*Bowne* v. *Joy*, 9 Johns. 221.) And a party appellant, against whom an affirmance of the judgment has been obtained by the appellee, without notice, and in violation of an agreement to arbitrate the matter, and not carry up the appeal, will be relieved on audita querela, though he do not aver in his complaint that he had a good defence to the original action. (*Eddy* v. *Cochran*, 1 Aik. 359.) And if an execution be sued out on a judgment upon an award, contrary to the manifest intent of the referees, a remedy may be had

---

Wardell v. Eden.

---

an action of debt, when the defendant would have an opportunity of pleading the payments. But I see no sufficient

in this form. (*Skillings* v. *Coolidge*, 14 Mass. 48.) So where a judgment creditor caused his execution to be levied on a tract of the debtor's land, in part satisfaction of the execution ; but the tract described in the sheriff's return was not shown to the appraisers, nor appraised by them, but a different tract, containing the same quantity, but of less value than that described in the sheriff's return. Held, that the debtor was entitled to relief by audita querela ; and the levy of the execution was set aside. (*Hurlbut* v. *Mayo*, 1 Chip. 387.)

A party who obtains a discharge under the insolvent act, after the judgment, may be relieved by this writ. (*Baker* v. *Judges of Ulster*, 4 Johns. 191. *Petit* v. *Seaman*, 2 Root, 178.) So where a judgment of a justice of the peace had been obtained without notice, the defendant being out of the state at the time of commencing the suit, and where the plaintiff did not comply with the requisitions of the justices' act. (*Marvin* v. *Wilkins*, 1 Aik. 107.) And if the sheriff recovers a judgment against a surety, for an escape of a debtor, and the creditor is barred by the statute of limitations of his remedy against the sheriff, the surety may be relieved from the execution by an audita querela. (*Hall* v. *Fitch*, 1 Root, 151.) It is said that where a debtor in Massachusetts, is committed in execution, after the plaintiff's death, this is the suit most proper to bring the question of the legality of such commitment to a decision. (*Commonwealth* v. *Whitney*, 10 Pick. 439. See also the United States Digest, tit. Audita Querela, where the American decisions will be found fully collected.)

The proceeding by audita querela is said to have commenced about the tenth year of Edward III. ; (*Young* v. *Collet*, Sir T. Raym. 89 ; 2 Saund. 148, *b.* ;) but it afterwards gave place, in many instances, to the remedy by motion, which is " more summary, easy and less expensive." In *Sutton* v. *Bishop*, (4 Burr. 2283, 2286,) the court speak of audita querela as an old legal remedy, long disused and expensive ; and, indeed, the instances of it in modern times are comparatively rare. It is stated as a general rule that where a writ of audita querela clearly affords relief to the defendant, the court will relieve him on motion, without putting him to the audita querela. (*Giles* v. *Nathan*, 5 Taunt. 558. 1 Marsh. 226. *Lister* v. *Mundell*, 1 B. & P. 427.) But where the relief is questionable, the court will not dispose of the case on motion, but leave the defendant so to proceed that the plaintiff may demur or bring error. (Id.) And therefore the court refused to dispose of a writ of audita querela by a motion in arrest of judgment, where the parties seriously argued the question. (Id.) But where a defendant obtained his discharge too late to plead it, the court relieved him on motion. (*Palmer* v. *Hutchins*, 1 Cowen's Rep. 42. And where the defendant alleged payment to the plaintiff, made by him, on a judgment which had been assigned to a third person, the court, on motion for that purpose, refused to award an issue, to try the truth and validity of the payment ; but left the party to his remedy

Wardell v. Eden.

reason why the court should *act* at all'in this case more than in any other, so long as the party has the power to act for

by *audita querela*, as the time when the defendant received notice of the assignment was contested; though the court might, if they had thought proper, have stayed execution on the judgment, until it was revived by *scire facias*, or by an action of debt, when the plaintiff might plead the payments. (*Wardell* v. *Eden*, *infra*, p. 258.)

The court will relieve on motion, instead of putting a party to his audita querela, where the case is clear, but not otherwise; and, therefore, where a plaintiff, after he recovered damages in an action of slander, for words imputing felony, was convicted and attainted for felony, and the defendant in the action was a witness against him, the court refused to interfere, by staying all further proceedings in the action, though the crown declined to interfere. (*Symons* v. *Blake*, 4 Dowl. P. C. 263.  2 C., M. & R. 416.  1 Gale, 182.) So where if bail, being fixed with the debt, and having paid it, sue the principal and obtain judgment, after a commission of bankruptcy has issued against him, but before he has obtained his certificate; and after he obtained it, the bail in the second action applied to be exonerated, on the ground that the plaintiffs, the bail in the original action, might prove their debt under the commission, by virtue of stat. 49 Geo. III. c. 121, s. 8; the court refused to interfere summarily, but left the bail to their writ of audita querela. (*Hewes* v. *Mott*, and *Dalby* v. *Same*, 2 Marsh. 37.  6 Taunt. 329.  Rose, 455.)  And the defendants being bankrupt were sued, and suffered judgment by default in Trinity Term, and final judgment was entered up and execution issued thereon in Michaelmas Term following; on the 13th November, in that term, the defendants obtained their certificate, and on the same day the sheriff's officer levied, and he, notwithstanding a notice that the defendants' certificate had been allowed, being about to sell the goods seized, the defendants paid the amount of the debt and costs into court under a judge's order, to abide the event of a motion.  On application by the defendants to have the money paid out to them, the court refused to interfere; but left the parties to their audita querela, although it was insisted that by the 6 Geo. IV. c. 16, s. 126, the goods as well as the persons of bankrupts were protected. (*Hanson* v. *Blakeley*, 1 M. & P. 261.  4 Bing. 493.)

The writ of audita querela must be allowed on motion, in open court.  It is not, however, of itself, a stay of execution, but may become so, by the order of the court; (2 Johns. Cas. 227;) for which purpose the court will look into the grounds on which it is issued, and if they be such, as would not probably entitle the defendant to the relief he seeks, although they will not refuse the audita querela, they will not permit it to operate as a *supersedeas* to, or stay the proceedings on the execution, during its pendency.  (18 Johns. 5. 2 Dunl. 870, 871.  Grah. Prac. 2d ed. 451.  See also 1 Petersdorff's Abr. 730, 737.  Bac. Abr. tit. Auditâ Querela, and the American cases collected by Mr. Bouvill.  Com. Dig. same tit.  United States Dig. same tit.  Serjeant Williams' note to *Turner* v. *Davies*, 148, a–148, h.)

himself, and the law has furnished him with adequate means of relief.

We are, therefore, of opinion, that the motion on the part of the assignees of the judgment be granted; and that the motion on the part of the defendant be denied.

Rule accordingly.