EDWARD KEOGH v. WILLIAM DELANY AND EDWARD G. DELANY.

Where judgments assigned are canceled by fraud and mistake, caused by defendants' misrepresentations to the plaintiff's attorney, the cancellation will be vacated.

In case. On motion to vacate entries of satisfaction of judgments.

Argued at November Term, 1877, before Justices SCUDDER, DIXON and REED.

For the plaintiff, *Coult & Howell.*

For the defendants, *W. M. Lyon.*

The opinion of the court was delivered by

SCUDDER, J. Judgments were obtained in the Supreme Court, on February 20th, 1874, in the above actions; the

first for $493.40, and the second for $310.06.   David W. Bonnell, at the request of the defendant, William Delany, who was the principal debtor, his son, Edward G. Delany, being his surety, paid the amount of these two judgments, and took an assignment of them from the plaintiff, Edward Keogh, May 6th, 1874.

When Bonnell paid the judgments, Delany gave him his note for $850, and it was agreed that the assignment of the judgments should be held as collateral security for the payment of this note.

Delany, being about to obtain a loan upon his property, applied to the attorney of the plaintiff for a warrant of satisfaction, which was given to him inadvertently, and the judgments were canceled of record.   To induce this entry of satisfaction Delany stated to the attorney that the judgments had been paid by him and settled.

The note given by Delany to Bonnell was continued by renewals, payments being made on account, from time to time, for interest, until, on November 15th, 1875, a statement in writing was made and signed by Delany, that he owed Bonnell the sum of $841.59, for his loan on account of these judgments, costs and interest.   On February 6th, 1875, Delany had given Bonnell a certificate that he held the assignment of the above judgments against him and his son, until all their obligations to him were paid.

Notwithstanding these agreements and admissions, Delany procured the judgments to be canceled, without the knowledge or consent of Bonnell.   Upon these facts the conduct of Delany, and his statement to the attorney of record that the judgments were paid and satisfied, was fraudulent, and the attorney of Keogh had no legal authority to cancel them of record.   Neither the plaintiff, Keogh, nor his assignee, Bonnell, gave him such authority.   There has been a mistake in the entry of satisfaction made upon his warrant.   By the assignment and agreement of the parties, Bonnell is entitled to hold the lien and security of these judgments for the money he has paid at the request and for the benefit of Delany and

his son, and neither the assignor, Keogh, nor his attorney could legally enter satisfaction of record without the permission of Bonnell, after notice of the assignment. Where there has been a cancellation of judgment procured by fraud and mistake, as in this case, this court has the power to vacate such cancellation, and restore the lien of the judgments, saving the rights of intervening creditors, who have, in good faith and without knowledge, given credit and obtained liens upon the belief that such judgments have been legally satisfied. *Bebee* v. *Bank of New York*, 1 *Johns.* 529; *Wardell* v. *Eden*, 2 *Johns. Cas.* 258.

The motion for rule to vacate the cancellation of the judgments is granted.