ufed and neceffary in deeds at common law to pafs an *inheritance,* that in all deeds the word *heirs* is neceffary to pafs a fee; this is the *general* rule, and though there are exceptions, yet this fpecies of conveyance to ufes is not among them; which appears *1ft,* from the filence of approved writers on this fubject. To fhew which he cited, 2 *Black* 108. *Bac. Abr.* 252. 3. *Comyn's Digeft.* 214, *Shepherds Touchftone of affurances, fo.* 101. (97, *of new edition) Co. Lit.* 9. 2*dly.* From a variety of exprefs and pofitive authorities. 3 *Black.* 370. 1 *Co.* 87 *b. Co. Lit.* 10. *a. Shepherd's Touchft.* 102. 106. 1 *Comyn's Digeft.* 543. 1 *Co. Rep.* 100 *b. Gilbert's Ufes and Trufts* 75. 76. And 3*dly,* that words, effential to convey a fee in a deed at common law, are neceffary fince the ftatute of ufes, 27 *Hen.* 8 *ch.* 10. in a covenant to ftand feized to ufes. To prove which he cited 5 *Bacon* 357. 1 *Rolls Abr.* 837. *Cro. E.* 478. 2 *Lill. Reg.* 112. *Sir Thomas Raym.* 317. 2 *Ld. Raym.* 1151. 2. 4. &c.

We have fince heard the counfel for the defendant in anfwer, who chiefly dwelt upon the deed of 1743 having a *relation* to the eftate which the covenantor had, that he having a fee, had by relative words conveyed that fee to his fon; and they relied upon 2 *Comyns* 215. *Shep. Touchft.* 101. *Co. Lit.* 9. *b.*

Upon the whole, THE COURT have, unanimoufly, formed the fame opinion as the Plaintiff's counfel, after the moft mature confideration.

1. This deed is a covenant to ftand feized to ufes.

2. Before the ftatute of ufes, viz. 27 *Hen.* 8. *ch.* 10, this deed would have paffed a fee, 1 *Co. Rep.* 100 *b. Shelley's cafe,* though the word *heirs* is not in it. But fince that ftatute, the limitation of ufes is in many cafes governed by the rules of common law; and no inheritance, in a covenant to ftand feized to ufes, or other deed to ufes, can be raifed, or new eftate created, without the word *heirs*; becaufe the ufes are now transferred into poffeffion, and therefore muft be governed by the rules of poffeffion at common law. 5 *Bacon's Abr.* 350. 356. and the cafes there cited. And at common law, though the intent of the parties be ever fo fully expreffed and manifefted in a grant or other deed, without the word *heirs,* a fee fhall not pafs. 6 *Mod.* 109. 2 *Vezey* 252. 1 *Wilfon* 351. 2 *Blackft. Reports.*

3*dly.* There are no words in this deed, either technical or relative, that can raife a fee, and confequently *Abraham Vandegrift* had thereby only an eftate for life in the premifes.

Let judgment be entered for the Plaintiff.

## M'CULLUM *verfus* COXE.

THE jury were at the bar to try the iffue in this cafe, when *Levy* moved to difcontinue, in confequence of a power of attorney granted by the plaintiff for that purpofe. But it was oppofed by *Ingerfoll* in behalf of General *Forman,* to whom, for a valuable

1785. consideration, the Plaintiff had assigned the debt, and the defendant had undertaken to pay it to him accordingly.

These facts being made to appear, THE COURT said they would not allow any collusive settlement between the original parties, to affect General *Forman's bona fide* assignment, and ordered the jury to be sworn. And M'KEAN, *Chief Justice*, observed, that where an action was brought under such circumstances, it ought to be mentioned upon the docket for whose use; a practise which had always prevailed when he was at the bar.