Per Curiam.

The replication is clearly good. A release after the assignment of the bond and notice to the defendant, is a nullity, and ought not to be regarded.(a) As the demur *490 rer does not appear to be frivolous, the defendant may withdraw it, on payment of costs, and rejoin.(b)

 The law will protect an assignee’s equitable interest in a chose in action, when the assignment is Iona fide, and for a valuable. consideration against all persons having notice of the trust or assignment. Sheftall v. Clay, Charlt. *490 230. Anderson v. Van Alen, 12 Johns. R. 343. Briggs v. Dorr, 19 Johns. R. 95. Van Vechteñ v. Graves, 4 Johns. R. 403. Littlefield v. Storey, 3 Johns. R. 325. Johnson v. Bloodgood, supra, p. 51. Wardell v. Eden, infra, vol. 2, p. 121. Henry v. Milham, 1 Green, 266. Jones v. Witter, 13 Mass. R. 304 Perkins v. Parker, 1 Mass. R. 117. Boylston v. Greene, 8 Mass. R. 466. Corser v. Craig, 1 Wash. C. C. 424. And therefore, a debtor cannot avoid an assignee’s claim by paying the assignor after notice. Stevens v. Stevens, 1 Ashm. 190. Jones v. Witter, 13 Mass. R. 307. Jenkins v. Brewster, 14 Mass. R. 291. Littlefield v. Storey, 3 Johns. R. 425. Clark v. Rogers, 2 Greenl. 143. Swett v. Green, 4 Greenl. 384. Holland v. Dale, Minor, 265. (Aliter, if payment be made before notice. Id. Hackett v. Martin, 8 Greenl. 81. Lithgow v. Evans, id. 330. Clark v. Boyd, 6 Monr. 294. Harrison v. Burgess, 5 Monr. 420. Stockton v. Hall, Hardin, 160.) Nor by showing a release from the assignor. Cowan v. Shields, 1 Overt. 314. Dunn v. Snell, 15 Mess. R. 485. Raymond v. Squire,’ 11 Johns. R. 47. Strong v. Strong, 2‘Aik. 373. Eastman v. Wright, 6 Pick. 316. Wheeler v. Wheeler, 9 Cowen, 34. Nor by a discontinuance; McCullum v. Coxe, 1 Dall. 139 ; nor, will a collusive dismissal-of the suit bar. a future action for the same-cause. Welch v: Mandeville, 1 Wheat. R. 236. And where the assignor of a judgment enters up satisfaction" on the record, after notice to the defendant of the assignment, the court,-on motion, will order the entry of satisfaction to be vacated. Wardell v. Eden, infra, vol. 2, p. 121, 258. 1 Johns. R. 531, note. Colem, 137.
Nor can the debtor set off any demands against the assignor, which accrued after notice of the assignment. Jenkins v. Brewster, 14 Mass, R. 291. Goodwin v. Cunningham, 12 Mass. R. 193. Nor a demand which existed -before and at the time of the assignment, if he knew, from the assignee or his agent, that an assignment was to be made, and gave no notice of his counter demand. King v. Fowler, 16 Mass. R. 397, Nor where the debtor’s conduct is such as in equity to deprive him of the right of set-off against the assignee. Kemp v. McPherson, 7 Har. & J. 320. Nor if he promise to pay the assignee/ without stipulating for the- deduction Of his Counter Claim. Mowry v. Todd, 12 Mass. R. 284. Elliott v. Callan, 1 Penn. R. 24. Lane v. Winthrop, 1 Bay, 116. S. P. Mayo v. Giles, 1 Munf. 533. Cabiness v. Herndon, 6 Litt. 469. Henry v. Brown, 19 Johns. R. 49. M’Mullen v. Wenner, 16 Serg. So Rawle, 18. Contra, De Costa v. Shrewsbury, 1 Bay, 211.
To constitute such an assignee of a chose in action, as courts of law will protect against the acts of his assignor, the assignment need not be-absolute, or of the whole subject matter. It is enough that it carry to the assignee, a power cdupled with an interest. Wheeler v. Wheeler, 9 Cowen, 34."
With .regard to the notice requisite to be served upon the assignee, special *491 notice is unnecessary; it is enough if the party has such knowledge of facts and circumstances as is sufficient to put him on inquiry. Anderson v Van Alen, 12 Johns. R. 343. United States v. Sturges, Paine, 525. United States v. Clark, id. 629. Kellogg v. Krauser, 14 Serg. & Rawle, 137. And therefore, if the assignee give the debtor notice without exhibiting the security, or offering other evidence, it is sufficient. Davenport v. Woodbridge, 8 Greenl. 17. But something equivalent to direct and positive notice of an assignment is necessary in order to charge the defendant with a fraudulent payment to the assignor. Meghan v. Mills, 9 Johns. R. 64. Therefore, where the plaintiff held a due bill of the defendant, and assigned it to A. by endorsing it in blank, and A. called on the defendant, and demanded payment, who said he would settle it, the next week, in New York, and afterwards paid it, in New York,'to the assignor; it was held, in a suit against A. in the assignor’s name, that the payment was a defence, the assignee not having shown the due bill to the defendant, nor explicitly stated that it had been assigned by the payee. Id.
It results from the general rule here stated that the assignee may reply the assignment and notice to a plea of the assignor’s release, in bar of his action ; Principal case; Raymond v. Squire, 11 Johns. R. 47; or to a plea of payment; Littlefield v. Storey, 3 Johns. R. 425; or to a plea of former recovery—alleging also that the former action was not prosecuted by the authority, and for the benefit, of the assignee. Dawson v. Coles, 16 Johns. R. 51.

) Old Note. “ The above is the- only note of the case that could-be "found, and the reasons of the court are hot fully stated. The principle, however, *491 has been more than once recognized in this court. Wardellv. Eden, 1 Johns. R. 351. note. Littlefield v. Storey, 3 Johns. R. Some difference appears to have existed in the English courts on the question. In Bauerman v. Radenius, 7 Term Rep. 663, Mr. Erskine cites a case brought by a nominal plaintiff, for persons beneficially interested, for whom he was a trustee, in which the defendant produced a release from the plaintiff, and Lord Mansfield held it conclusive : and Lord Kenyon, in the case then before the court, seems to consider himself as bound by the strict rules of law to admit the declarations and acts of the plaintiff on the record, to defeat the action, though the plaintiff appeared to be a mere trustee for third persons. And in the case of Craib and Wife v. D’Aeth, 7 Term Rep. 670, the court of K. B. admitted the dbctrine to be so settled. But the court of C. B. in the case of Legh v. Legh, 1 Bos. & Pul. 437, decided in conformity with the above opinion in Andrews v. Beecker, and certainly in a manner more agreeable to equity and common sense. Courts of law having recognized assignments of chases in action, are, in justice bound, to protect the rights of the assignees, as much as a court of equity, though they may still require the action to be brought in the name of the assignor. They have, in numerous instances, of late years, taken notice of trusts, .and it would be absurd to turn the party round to another court, upon a mere formal objection. 1 Term Rep. 621. 4 Term Rep. 340, 341. The English courts h ave felt and expressed their indignation at the attempt of a mere nominal plaintiff in ejectment, to defeat the rights of persons beneficially interested. Payne v. Rogers, Doug. 406, 1 Salk. 260.’’