4 U.S. 222
 4 Dall. 222
 1 L.Ed. 809
 Pollock
v.
Hall.
Same
v.
Same.
 Supreme Court of Pennsylvania.
 December Term, 1800
 
 1
 THESE causes were referred, on the 22d of January 1800, by agreement of the parties, and several meetings were held by the referees, at which the parties exhibited their respective proofs, and were heard by themselves or their agents. The plaintiff conceiving, however, that he had more evidence, which might be produced at a future period, or conjecturing, that the referees were unfavourable to his claims, ordered the actions to be discontinued, on the 21st of April 1800, and gave notice of the discontinuance to the defendant. But the referees proceeded to decide upon the matters referred; and, on the 10th of May 1800, filed a report, finding for the defendant the sum of 2,300 dollars. To this report exceptions were exhibited, alleging, among other objections to a confirmation, that the actions were discontinued. It became, therefore, a leading question, whether, under the circumstances stated, the plaintiff had a right to discontinue?
 
 
 2
 Dallas argued in the affirmative: 1st. That a plaintiff has a right to discontinue his action, at any time before the merits are judicially decided. It is true, that the English authorities say it must be done by leave of the Court; but before, or after, declaration filed; after demurrer joined and entered; after verdict on a writ of inquiry; and even after a special verdict; the leave of the Court is granted as matter of course. Sherd. Pr. 534, 5. Barn. 170. 6 T. Rep. 616. Cro. J. 35. 1 Salk. 178. Gilb. 272. 7 T. Rep. 6. Barn. 169. Carth. 87. 2d. That the case of a trial by jury, and the case of a reference, do not, in this respect, differ. The act of assembly places a report of referees on the same footing as a verdict; and does not affect, in any manner, the power of the plaintiff over his suit. 3d. That the practice of Pennsylvania, both on general principles, and under the statute, has been uniform, in favour of the plaintiff's right. A discontinuance, indeed, no more requires the act of the Court, than a non pros, when the plaintiff prevents a verdict, though he could not prevent a trial. The records of the Court will establish the right of discontinuance, before and after issue joined, by the mere act of the plaintiff: Lloyd's Lessee v. Taylor. Sept. T. 1764. Plym'sLessee v. Skillenbergen. Sept. T. 1765. Chew v. Jones. Sept. T. 1767. Kerston v. Yeager. Sept. T. 1766. Neave v. Forbes. Sept. T. 1771. So after reference. Davis v. Porteer. Sept. T. 1798. Foulk's Lessee v. Rennicks. Sept. T. 1767. So after judgment, plaintiff may open the judgment, and discontinue. Pringle v. Vaughan. Dec. T. 1797. So after special verdict. Leech's Lessee v. Armitage. Sept. T. 1773.[1] So even after a report of referees actually filed. Sterret v. Chambers et al. Sept. T. 1757.[2]
 
 
 3
 W. Tilghman and Morgan argued against the right to discontinue. 1st. That, on general practice, there could be no discontinuance, without leave of the Court, which would only be granted on payment of costs. 2d. That after a jury was sworn, the plaintiff could not discontinue, though he might suffer a non pros, which had consequences differing from those of a discontinuance. 3d. That the statute reference was of a peculiar character; which implied the agreement of the parties to receive the report of the referees; and which, by the operation of a set-off, frequently converted the defendant into the real plaintiff, with the remedy of a scire facias. In the course of the argument they cited Styles, 198, 199. Cas. Temp. Hard. 200. Gilb. C. P. 219. Crom. Pr. 119. Carth. 87. 2 Bl. Rep. 815. 1 Dall. Rep. 430. 143. 355. 514.
 
 By the COURT:
 
 4
 The case of Sterret v. Chambers et al. induced us to pause, before we decided the point now submitted to our consideration. It does not appear, however, that the right to discontinue was at all contested in that case; and the other cases, cited from our records, do not import any judicial decision, that would be binding upon us, as authority, on the present occasion.
 
 
 5
 In this situation, we think we are at liberty to deny the right for which the plaintiff contends; and that the policy of the legislature, as well as the principles of justice, will sanction the denial. The act of assembly sought to compose strifes, to shorten litigation, by assigning an amicable tribunal, to which the parties might voluntarily resort: and when both have agreed to resort to that tribunal, it would be inconsistent with the general nature of an agreement, to permit one of them alone to withdraw from its jurisdiction. Feuds would be inflamed, instead of being allayed; and suits multiplied, instead of being diminished, by such a construction of the law. There may be cases, however, in which a plaintiff alleging surprise, or mistake, would be allowed by the Court to discontinue his suit: but after an agreement to refer, a disclosure and hearing before the referees, and an opinion expressed, or intimated, by them, upon the merits, a discontinuance cannot be regarded as a matter of right, and would only be permitted upon very cogent reasons, such, perhaps, as would invalidate the report itself. In the present case, we are of opinion, that the plaintiff had not a right to discontinue the suits; and that no sufficient reason appears, for allowing a discontinuance upon the authority of the Court.
 
 
 6
 On the discussion of other exceptions to the report (one of which was, that a single report was made, though two suits were referred) it was agreed to consolidate the actions, and to refer the disputed points again to the same referees.
 
 
 
 [1]
 The special verdict was found on the 21st of April 1775; an d on the 22d of April, 'the plaintiff by Mr. Reed, his counsel, discontinues the action.'
 
 
 [2]
 The following is the docket entry in this case:
 September 1757.
 Ross.
 
 James Sterret
 
 v.
 
 Chew, Dick. Gal.
 
 James Chambers, Nathaniel Smith, and Elizabeth his wife, Randle Chambers, William Chambers, Jean Chambers, Mary Chambers, John Chambers, and Margaret Chambers.
 At a Court of Nisi Prius, held at Carlisle, the 18th day of May 1768. By order of Court and consent of parties, the matters in variance between them are referred to the final determination of James Galbraith, John Byers, James Maxwell, Johathan Hogge, and John Montgomery, or any three of them, who are to make report to the Supreme Court in next September. Rule, that the referees proceed ex parte on twelve days notice.
 21st September 1768. Report of referees returned into the office, finding that the plaintiff hath no cause of action against the defendants.
 24th September 1768. Before the sitting of the Court, plaintiff came into the office, and discontinued his action.