Per Curiam.

Reynolds has, by his admissions, (a) recog *555 nized Low as his landlord ; he cannot, therefore, be admitted to dispute his title. Whether, therefore, the evidence was properly or improperly received, cannot be inquired into, nor can the defendant take any thing by his motion. [1]
Motion denied,

la) The principles upon which admissions of a party to the record are evidence against him, are, that a man cannot be a witness for himsel/j nor a party to a record compelled to testify, out that every man is the best possible witness against himself. This technical legitimation cf evidence, by admis *555 sion, is carried so far as to apply to mere trustees, though their acknow ledgments go to defeat the action. James v. Hatfield, 1 Stra. 548. Bauerman v. Radenius, 7 D. & E. 663. As the admissions of trustees who are partios to a record, are good testimony against them merely because they cannot be compelled to testify, it follows that the admissions of a cestui que trust who can be compelled, are not; nor are those of a person under whom the defendant in replevin makes cognisance, because such persons may be examined in chief. Hart v. Horn, 2 Campb. 92. So an affidavit by the plaintiff on record, if bona fide, is evidence for the defendant in an action by an assignee of a bond suing in tlfe name of the obligee. Craib v. D'Acth, 7 D. & E. 670, n. In the note to Andrews v. Beecker, 1 Johns. Cas. 411, the point of the decision in the case last cited, does not seem to be accurately stated by the learned reporter. It is taken from the statement of Erskine arguendo and adduced as in opposition to the judgment of the court in the text; as deciding that a release from a plaintiff on record, shall defeat the beneficial interest of a person suing in the name of the plaintiff. The true point determined was, that a bona fide release from an obligee beneficially interested, who was also the plaintiff on record, and for whose use and benefit the bond had been assigned in trust, shall prevail against a fraudulent assignment to a nominal plaintiff, the facts of the trust for the benefit of the obligee, the fraudulent assignment by the trustee, and the bona fide release to the defendant, being found for him on two several issues. “These cases,” says Buller, J., .in Legh v. Legh, 1 Bos. & Pull. 447, “ depend on circumstances. If the release be fraudulent the court will attend to the application.”

■ [1] See Northrop v. Wright, 24 Wend. 221; Jackson v. Leek, 12 Wend. 105; Jackson v. Spear, 7 Wend. 401; Jackson V. Anderson, 4 Wend. 474; Jackson v. Denison, 4 Wend. 558; Jackson v. Cooly, 2 J. C. 223; Jackson v. Dobbin, 3 J. R. 223; Jackson v. Scissam, 3 J. R. 499; Brandter v. Marshall, ante, 394, and note [1] thereto.