WELCH (LEE v.). See Case No. 8,204.

## Case No. 17,370.

### WELCH v. MANDEVILLE et al.

[1 Cranch, C. C. 489.] [1]

Circuit Court, District of Columbia. July Term, 1808.[2]

ACTION ON ASSIGNED INSTRUMENT—DISMISSAL BY ASSIGNOR.

The legal plaintiff has a right to dismiss a suit brought in his name, by order of a person who claims to be his assignee of the right of action, and the court will not interfere to protect the assignee, unless the evidence of the assignment is clear.

This was an action of covenant in the name of James Welch, the plaintiff, but for the use, and by the order of Allen Prior, against Mandeville & Jamesson, upon a contract for the sale of land to them by Welch. At the second term after an office judgment had been entered against Welch at the rules, the defendant Mandeville, who alone had been taken, produced to the clerk a release

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [Reported by Hon. William Cranch, Chief Judge.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Affirmed in 7 Cranch (11 U. S.) 152.]

under the seal of Welch, and an order from him to dismiss the suit, whereupon the clerk made an entry upon the minutes of the court, that the action was dismissed by agreement of the parties. Afterwards, at the same term, the attorney who brought the suit in the name of Welch, moved the court to reinstate it, and grounded his motion upon his own affidavit, and the papers mentioned therein. The affidavit stated, that in the autumn of 1799, Prior brought to the attorney three bills of exchange, drawn by Welch upon Mandeville & Jamesson for 2500 dollars each, and an account in the handwriting of Mandeville, acknowledging a balance due to Welch on the 31st of January, 1798, of 8707 dollars and nine cents, to be paid in the times and manner therein stated. Prior, at the same time, stated that Welch was indebted to him and that he had taken those bills in payment, which Mandeville and Jamesson refused to accept, saying that Welch had deceived him in the sale of the lands. Prior left the papers with his attorney, and requested him to take the best measures to obtain the money from Mandeville & Jamesson; whereupon be brought two suits in the county court of Fairfax, in Virginia, the one was a suit at law in the name of Welch, against Mandeville & Jamesson, founded upon their acknowledgment of the balance of account. The other was a chancery attachment in the name of Prior, against Welch as an absent debtor, and charging Mandeville & Jamesson as garnishees.

Upon the trial of the suit at law, the defendants produced the original contract respecting the sale of the land, whereupon the attorney for Welch suffered a nonsuit, and having obtained an office copy of the contract, brought the present suit thereon, for the use of Prior, in the name of Welch, but without his directions, which was known to Mandeville. There had been no decision in the chancery attachment. The attorney never had any communication with Welch upon the subject of this suit; but he had reason to believe that Welch knew of the suits in Fairfax county, and did not interfere with them. The attorney corresponded solely with Prior on the subject of this suit, who had directed the application of the money when recovered. That the attorney did not know of the release and order to dismiss the suit until after the entry was made on the minutes, and that the suit had been dismissed without his consent or that of Prior, who had been at all the expense of the suit. That he had been informed that Welch was in the prison-bounds, and that when Prior put the papers into his hands, he informed him that it was his only prospect of receiving payment of the debt due to him by Welch. Whereupon the defendant, Mandeville, produced the affidavit of Welch, stating that he drew the bills in favor of Prior merely for him to get them

accepted, and negotiate them for account of Welch and as his agent. That Prior never gave value for them, and instead of being the creditor of Welch, was his debtor; and that he (Welch) never made a transfer or assignment of the contract with Mandeville & Jamesson to Prior, or any other person. The defendant, Mandeville, also produced a paper purporting to be the answer of Welch, to the chancery attachment in Fairfax county (but which had not then been filed in the suit), which contained the substance of his affidavit, and also a letter written by Welch to Mandeville & Jamesson, and sent by Prior at the time he presented the bills, corroborating the fact that Prior was only his agent in that business.

In this state of the case the court below continued the motion to reinstate the cause until the next term, to give an opportunity to Prior to produce evidence of an assignment of the contract and of his right to bring suit upon it; at which term he produced his own affidavit, stating that Welch was indebted to him upwards of 14,000 dollars, and that Welch gave him the three drafts on Mandeville & Jamesson, for his (Prior's) own use and benefit, for and on account of a tract of land sold to Welch, and which Welch sold to another person. He produced also certain other documents tending to corroborate his affidavit.

But THE COURT refused to reinstate the cause, and ordered it to be dismissed according to the agreement of the parties, to which refusal Allen Prior took a bill of exceptions, which the court signed.

E. J. Lee, for Allen Prior, cited the following authorities, viz.: Corser v. Craig [Case No. 3,255], in the circuit court of Pennsylvania, by Judge Washington; Ex parte Byas, 1 Atk. 124; Atkin v. Barwick, 1 Strange, 165, 166; Ex parte Oursell, Amb. 297; Yeates v. Groves, 1 Ves. Jr. 280; Ancher v. Bank of England, 2 Doug. 637; McCullum v. Coxe, 1 Dall. 139; Fitzgerald v. Caldwell, 2 Dall. 215; Gibson v. Minet, 1 H. Bl. 602; Chit. Bills, 1, 2; Winch v. Keeley, 1 Term R. 619; Young v. Willing, 2 Dall. [2 U. S.] 276; Row v. Dawson, 1 Ves. Sr. 331.

[See Case No. 17,371.]

Affirmed by the supreme court of the United States, 7 Cranch [11 U. S.] 152.