CHARLES CREIGHTON, use, etc.

v.

THE VILLAGE OF HYDE PARK.

</div>

1. ASSIGNMENT OF CHOSE IN ACTION.—Courts of law will protect the rights of an assignee of a chose in action, whether the assignment be good at law or in equity only. Payment by the debtor to the nominal creditor after notice of the assignment, without the consent of the assignee, will be no defense to an action by the assignee.

Creighton v. Village of Hyde Park.

2.  WHOLE CLAIM MUST BE ASSIGNED.—The only qualification to the above rule is, that the entire cause of action must be assigned.  A partial assignment will not be sufficient, as that would allow the creditor to split the demand, and subject his debtor to embarrassments not contemplated in his original contract.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.    Opinion filed April 27, 1880.

Appellant Creighton had a claim against appellee, the Village of Hyde Park, for grading streets, building sidewalks, etc., and he employed Pliny B. Smith, for whose use this suit is brought, to collect the same.  Creighton's bill was presented by Smith to the board of trustees of the village, and was referred to the finance committee, with whom Smith had several conferences, which resulted in an agreement that the village should pay $150 in full settlement of the claim.  Meanwhile the claim had been assigned by Creighton to Smith by a written assignment, of which Smith notified the committee at the time of making the settlement, and at a meeting of the board on the evening of the same day, Smith presented the assignment to the board, together with the draft of a resolution approving the terms of the settlement of the claim, and authorizing the payment of the $150 upon the production of a receipt from Creighton in full of all demands against the village.  The resolution was duly passed, and Creighton's receipt in due form as required by the conditions of the resolution, was placed on file. Smith demanded of the village clerk a warrant for the $150, which was refused, and a warrant for the amount was delivered to Creighton without the consent of Smith; whereupon Smith commenced the present suit before a justice of the peace, and recovered a judgment for $150.  On appeal to the Superior Court of Cook county, judgment was rendered for the defendant, and the plaintiff brings the case to this court for review.

Mr. PLINY B. SMITH, *pro se,* that the agreement to pay $150 in settlement was valid, cited McKinly v. Watkins, 13 Ill. 140; Barnside v. Potts, 23 Ill. 411; Cassell v. Ross, 33 Ill. 245; F. & M. Ins. Co. v. Chestnut, 50 Ill. 111; Miller v. Hawker, 66 Ill. 185.

Payment to nominal creditor after notice of assignment, is void: Chapman v. Shattuck, 3 Gilm. 49; Carr v. Waugh, 28 Ill. 418; Morris v. Cheney, 51 Ill. 451; Hughes v. Trabern, 64 Ill. 48.

Mr. L. D. CONDEE, for appellee.

WILSON, J. The law is well settled that courts of law will recognize and protect the rights of the assignee of a chose in action, whether the assignment be good at law or in equity only. If valid in equity only the assignee is permitted to sue at law in the name of the person having the legal interest, and to control the proceedings; and the latter is not allowed to interfere with the prosecution, except so far as may be necessary to protect himself against the payment of costs.

After the debtor has knowledge of the assignment he is inhibited from doing any act which may prejudice the rights of the assignee. Payment by him to the nominal creditor, after notice of the assignment, and without the consent of the assignee, will be no defense to an action brought for the benefit of the assignee; and any adjustment or compromise of the cause of action by the original parties made after such notice, will be void as against the assignee. Chapman v. Shattuck, 3 Gilm. 49; Carr v. Waugh, 28 Ill. 418; Morris v. Cheney, 51 Ill. 451; Littlefield v. Story, 3 John. 426.

In Andrews v. Becker, 1 Johns. Cas. 411, it was held that a release by the obligee of a bond after an assignment and notice was a nullity; and in Jones v. Witter, 13 Mass., where a promissory note had been transferred by delivery only, and payments were made to the payee of the note by the maker after notice of the transfer, such payments were not allowed by way of defense; and the court held that it is wholly immaterial in what form the assignment has been made; and that notice of the assignment may be proved by any competent testimony. The English courts of law have acted upon the same principle, and protect the rights of the assignee of choses in action against the acts of the original parties after notice of the assignment. Leigh v. Leigh, 1 Bos. & Pull. 447.

The only qualification to the rule above stated is, that the entire cause of action must be assigned. A partial assignment will not be sufficient, as that would allow a creditor to split up a single cause of action, and subject his debtor to embarrassments and responsibilities not contemplated in his original contract. Mandeville v. Welch, 5 Wheat. 277.

The facts of the present case bring it clearly within the purview of the principles decided in the cases above cited. Creighton having a controverted claim against the Village of Hyde Park, employed Smith to prosecute the same before the Board of Trustees. As the result of his efforts, a compromise was agreed upon by the proper committee, by the terms of which Creighton was to be allowed $150 in full of all claims and demands against the village. The action of the committee was duly ratified by the Board of Trustees. Creighton assigned the claim to Smith, of which the board had full notice. Under these circumstances, the payment of the claim to Creighton, or the delivery to him of the warrant for the amount allowed, without the consent of Smith, was a fraud on the rights of the latter, and cannot be set up as a defense to a suit brought by Smith in the name of Creighton for his use, after demand and refusal by appellee for payment.

The judgment of the court below is reversed and the cause remanded for a new trial.

<div style="text-align:right">Reversed and remanded.</div>