Rockingham, }
Feb. 5, 1929. }

ELLEN M. HOLLAND, *Adm'x*, v. MORLEY BUTTON COMPANY.

*John L. Mitchell* and *Joseph D. Sullivan* (*Mr. Sullivan* orally), for the plaintiff.

*Gay Gleason* (of Massachusetts), *Burt R. Cooper* and *Gardner S. Hall* (*Mr. Hall* orally), for the defendant.

ALLEN, J.   I. The petition was seasonably brought. The statute (P. L., c. 302, s. 11) which provides that "If an action is not then [at death] pending, and has not already become barred by the statute of limitations, one may be brought for such cause at any time within two years after the death of the deceased party, and not afterwards," has only reference to "actions of tort for physical injuries to the person" given survival by section 9 of the chapter, and is exclusively a part of the legislation for the survival of common-law personal injury tort actions and for the statutory tort of causing death. Whether the petition had to be brought within six years after the accrual of the claim, under the "general rule, [that] courts of equity, equally with courts of law, are bound by the statute of limitations" (*Wentworth* v. *Wentworth*, 75 N. H. 547, 550), it is unnecessary to determine. The petition was thus brought.

The proceeding is not to recover damages for wrong done but to obtain compensation for loss sustained regardless of any wrong. The liability is "a substitute for the common law action" and gives "a certain and sure remedy applicable to all cases of injury not due to his [the workman's] wilful misconduct." *Mulhall* v. *Company*, 80 N. H. 194, 199. The compensation act, providing for its enforcement in equity, was not enacted until long after the limitation statute, and it would stretch and strain both statutes to hold the former governed by the latter. So to do would be inconsistent with the liberal construction to be given the compensation act as here established as a settled policy of its construction and would extend the scope of the limitation statute beyond both its express terms and its fair import.

The defendant's contention that liability under the compensation

act implies some wrong on the employer's part the breach of which creates the liability, rests on a misconception of the nature of the liability. The employer is under a duty to compensate the workman for industrial injuries, and the liability is to perform the duty, which is not to avoid injury to the workman, but to compensate for loss to him. Breach of the duty does not lie in the injury done but in failing to compensate for it. It is to meet some of the loss from injury and not for the injury itself that liability is imposed. "Compensation is not dependent upon any fault of the employer; but is awarded whenever the fortuitous event [of injury] overtakes the workman in the course of and out of his employment." *Guay* v. *Company, ante,* 392. Since the employer may be in no way to blame or have anything to do with the injury, the liability to compensate for it is in no usual sense tortious in character. Proceedings relating to it may be brought only in equity, and, at least with reference to the special limitation statute for actions for causing death, no tortious classification for it was intended. The statute applies to torts as violations of legal rights which are not contractual in nature, and a liability not resulting from a tort and being only a liability to pay money is in no way a liability for tort. If in questions of the extra-territorial effect of compensation acts the character of the liability is classified as tortious rather than contractual, the issue is really one relating to the effect of a foreign law on a domestic situation.

Any different conclusion would overrule *Stacy* v. *Company, ante,* 281, in which it was held that a release of the employer, if given in settlement of any liability to pay compensation rather than in discharge of any liability as a tortfeasor, did not bar an action against a third person for tort resulting in the damages for some part of which the compensation was paid. The release there considered reserved neither expressly nor by implication any rights against others, and hence, under the rule of *Carpenter* v. *Company,* 78 N. H. 118, barred actions against others jointly liable with the defendant. As said in the *Stacy* case (*p.* 287): "If . . . the release discharged a claim of liability against the releasee for which the defendant would be jointly liable, the defendant would cease to be a stranger to the instrument, and would acquire the position of one 'claiming under it.'" In other words, the defendant was entitled to the benefit of the release according as it was given to settle a claim for tort or for compensation. Hence, the case definitely decided that the liability of an employer to pay compensation is not to be regarded as a liability for tort or on the same footing as such a liability.

II. The satisfaction of the judgment in the plaintiff's action against the third party did not bar her claim for compensation from the defendant here. By the compensation act "the only actions which are barred by the acceptance of compensation are actions against the employer" (*Stacy* v. *Company, supra,* 286). And the converse that actions for tort against third parties do not bar claim for compensation follows. As has already appeared, liability under the act is not tortious in character and is not to be treated in the same way and as though it were. The liabilities for a third party's tort and to pay compensation are distinct and independent, and the defendant here was a stranger to the judgment.

III. There remains the inquiry if the satisfaction of the judgment was a partial satisfaction of the claim for compensation. The compensation acts in most jurisdictions provide for such a situation. But the act here is silent in regard thereto and the question is therefore to be decided in the light of common law and equitable principles.

While the act bars duplication of payment by the employer for damage or loss on account of the same injury, it "concerns itself solely with mutual rights and liabilities based upon the relationship of master and servant" (*Stacy* v. *Company, supra,* 286), and neither in terms nor impliedly does it affect other relationships.

It may be pointed out that the party in fault for the workman's death has not injured the employer. The only liability for wrongfully causing death is under the statute, in whose benefits the employer has no share. *Connecticut &c. Company* v. *Railroad,* 25 Conn. 265; *Mobile Life Insurance Co.* v. *Brame,* 95 U. S. 754. Even if it may be the proximate result of the wrong that the employer has to pay compensation, there is no liability and the law gives him no rights against the wrongdoer. While authority is scanty, in the law of insurance subrogation not contracted for in cases of death or accident is not given the insurer as it is in the cases of fire and liability. *Aetna &c. Company* v. *Parker,* 30 Tex. Civ. App. 521; *Gatzweiler* v. *Company,* 136 Wis. 34. Whether one whose fault injures the workman is liable to the employer when the workman himself takes action on account of the injuries, which may or may not become fatal, is a problem not here arising and calls for no decision. It is enough to say that it presents a situation differing from a case of fatal injuries where the workman has taken no action.

The proposition that the law gives no one more than full payment for damage or loss requires no argument to support it. When one of a number liable therefor makes the payment, the others are thereby

discharged from their liability to the extent of the payment. And this is so regardless of the relations among the parties liable. They may be independently liable as in the case of concurrent wrongdoers not acting in common with each other, or they may be separately liable as the result of contractual or statutory obligations. Payment by one towards redress or satisfaction for the damage or loss sustained inures to the benefit of the others, and the effect of the payment in discharging all required to make it is in no way dependent upon the rights of contribution or subrogation among them.

If the satisfaction of the judgment was a payment towards the loss for which the defendant was liable, it was entitled to have the payment credited towards payment of the debt its liability established. The parties entitled to the compensation debt are only entitled to full payment of it, by whomever made. When the payment by others is made in discharge of their obligation, in reasonable self-protection, or at the obligee's request, it is not gratuitous, and the obligee has received satisfaction to its amount so as to discharge everyone's liability to him therefor. That the judgment here was paid either in discharge of the third party's obligation or in self-protection is not to be doubted.

For the satisfaction of the judgment to constitute a discharge *pro tanto* of the employer's obligation it must appear that both the judgment debt and the employer's obligation were in whole or definite part for the same loss or damage and in favor of the same parties. Many of the acts in other jurisdictions give an employer paying compensation the right to enforce the liability of a third person for the injury to the workman, at least to the extent of the compensation paid. Legislation here to create such a right seems essential, at least in cases where the injuries are fatal.

The proceeds of a claim for wrongfully causing death belong under the statute (P. L., c. 302, s. 14) one-half to the widow and one-half to the minor and dependent children when there are, as here, such survivors. Compensation for death from injury belongs to the decedent's dependents, including his widow, children and parents, the division among them to be proportioned according to their total or partial dependency and in other respects to be determined equitably. P. L., c. 178, ss. 19, 28. As the statute reads, "a sum to compensate them for loss" and with provision for its amount shall be paid.

It thus appears that persons may share in compensation who do not share in the payment of damages for the tort, and that the division of compensation among those who do share in the payment for the

tort is not rigidly proportional. In the equitable division between widow and children totally dependent their varying resources and prospects would be considered. As between a totally dependent widow in poor health and a totally dependent child soon to be able to be self-supporting, for example, the statutory division of the damages for the tort would not fairly be adopted in dividing compensation.

As to the elements to be taken into account in determining the amount of damage for the tort of causing death, they include allowance for pain, expense caused the decedent's estate, and his loss of earning capacity, with limits for the entire amount recoverable. P. L., c. 302, ss. 12, 13. Compensation payable in case of death is the amount of wages not above a fixed limit which would be earned in a fixed period when the dependency is total and proportionately thereto when it is partial. P. L., c. 178, s. 19.

While the liability under each statute leads to a duty to pay money, termed damages for the tort and compensation in the compensation act, the amount payable, the elements establishing the amount, and the beneficiaries of the payment thus appear to be so unrelated that in no fair and practical sense can it be said that satisfaction of one claim satisfies to its amount the other. While there are as to each certain common elements of damage and loss and certain common beneficiaries, the proportions for such elements and for such beneficiaries are so uncertain and indefinite that appraisal of them, if not impossible, is altogether conjectural. Overlapping exists but how far admits of no practical or reasonable accuracy of measurement. The employer is not called upon to discharge the wrongdoer's liability but is only to make good some part of its consequences, and such part, with reference both to the entire consequences of the injury and to a particular beneficiary of the compensation, is incapable of fair ascertainment, whether the entire consequences be shown by verdict or by agreement. It therefore cannot be said that satisfaction of the judgment was in any determinable way a payment towards the loss for which compensation was awarded. In the case of parties jointly liable, there is a joint liability. Here there is none, and the situation is not a parallel one.

If the legislature by failure to provide against it has given the beneficiaries of legislation some advantage of overlapping payments, there is no principle of law for avoiding it by transferring the advantage to the employer. His undertaking is to pay some of the loss caused by fatal injuries regardless of their cause, and if the cause gives the beneficiaries rights against others, the rights thus accruing

do not belong to the employer or operate in his favor, at least where the injuries result in death and no action has been taken by the workman on account of them. Any injustice deemed to thus arise must be corrected by the legislature whose enactment has brought it into play.

In another aspect, the judgment, as already stated, was in a cause of action wholly independent of the statutory liability to pay compensation and it follows that the defendant was no party or privy to it. This being so, neither it nor the plaintiff is in any respect bound by it in this proceeding and it may not be used in favor or detriment of either party. *Lord* v. *Locke*, 62 N. H. 566; *Sweeney* v. *Young*, 82 N. H. 159, 161. The judgment, not being *res adjudicata* between the parties here, at best only tends to show the third party's negligence. And such an inference cannot be warranted when the defendant's denial of liability, the trial resulting in a disagreement of the jury, and the later rendition of the judgment by agreement and its amount are taken into account. The only conclusion is that the judgment was a compromise between liability and damages. Settlement of a claim for negligence the merits of which have not been determined was made, and it is not to be said here that the defendant there was in fault. In the hearing in this proceeding the question was rightly regarded as immaterial, and not alone by reason of the result here reached on other grounds. While the consent judgment may have established the third party's fault as between the parties to it, yet, as to the employer, it had no such effect and the satisfaction of the judgment by the third party was not a payment for wrong done but to be relieved of a claim against it for having done wrong. So far as appears, therefore, the payment by the third party was in no discharge of a liability for having caused the decedent's death, and much less can the payment in the light of the reasons for it be resolved into separate amounts for particular elements of damage.

It is accordingly concluded that payment in discharge of a liability or in settlement of a claim for liability for wrongfully causing death cannot be either wholly or partly by apportionment treated as a discharge of any of the employer's liability to pay compensation. While authority, in view of the general regulation of the subject by legislation, is slight, a like result on similar grounds has been reached in other jurisdictions. *Newark Paving Company* v. *Klotz*, 85 N. J. L. 432; *Mercer* v. *Ott*, 78 W. Va. 629; *Biddinger* v. *Company*, 18 Ohio N. P. 42.

The considerations leading to this view of the law are in part but

not wholly applicable to the case of a workman who is injured by the fault of one other than the employer and who himself takes action on account of the injury. In such case the damages belong to him or, if the injuries prove fatal during the pendency of suit brought, to his estate. *Piper* v. *Railroad*, 75 N. H. 435, 443; *West* v. *Railroad*, 81 N. H. 522, 524, *et seq.* Whether the differences between cases where the workman himself takes action against the third party in fault and cases for wrongfully causing death are sufficient to distinguish them in respect to the effect of payment by the third party or by the employer does not here call for decision, and any rights of either the employer or the third party to any credit for such payment by the other are not determined.

Nor is it here undertaken to determine whether compensation under the act is in the nature of insurance or indemnity. Whatever the conclusion might be, the result here reached would be unaffected by it. Giving compensation the character of insurance would be an additional reason in showing the unrelated liabilities of an employer and of a third person wrongfully causing the injuries, while a conclusion that it has no such character has only neutral effect in showing that the liabilities are related. Decision upon the question would affect other bearings of the compensation act. For these reasons the question is not passed upon.

*Exception overruled.*

All concurred.