Hillsborough, ⎰ No. 3066.
Dec. 5, 1939. ⎱

### DAVID A. McCULLOUGH

(London Guarantee & Accident Company, L't'd, Plaintiff in interest)

*v.*

### JOHN B. VARICK CO.

*Ivory C. Eaton* and *Paul J. Doyle* (*Mr. Eaton* orally), for the plaintiff.

*McLane, Davis & Carleton* (*Mr. Carleton* orally), for the defendant.

BRANCH, J. The asserted basis of the plaintiff's claim is the general principle of subrogation and, as a satisfactory statement of that principle, the plaintiff adopts the following: "When an insurer pays to the insured the amount of the loss, it is subrogated, in a corresponding amount, to the insured's right of action against any other person responsible for the loss." 7 Cooley, Briefs on Insurance, (2d *ed.*) 6675. Reliance is also placed upon a provision of the policy which reads as follows: "(k) The company shall be subrogated, in case of any payment under this policy, to the extent of such payment, to all rights of recovery therefor vested by law whether in this employer, or in any employee or his dependents claiming hereunder, against persons, corporations, associations or estates."

Although the principle of subrogation does not appear to have been applied generally in the field of liability insurance (*Holland v. Company*, 83 N. H. 482, 485) it may be conceded that, by virtue of the foregoing provision of the policy, the plaintiff in interest is entitled to enforce, in the name of McCullough, any rights which he may have against others who are responsible for the accrual against him of the liability insured against. This conclusion, however, is of no assistance in determining what rights, if any, McCullough had against the Varick Company.

The workmen's compensation laws of many states provide that the employer shall be subrogated to the rights of an injured employee against a third person who is legally liable to him for causing the injury. Our statute contains no such provision. The repeated inclusion of these provisions in the statutes referred to would seem to indicate that, without them, the employer would have no right of subrogation, and such was the conclusion of this court with reference to cases involving the death of an employee, in *Holland v. Company, supra*. "Many of the acts in other jurisdictions give an employer paying compensation the right to enforce the liability of a third person for the injury to the workman, at least to the extent of the compensation paid. Legislation here to create such a right seems essential, at least in cases where the injuries are fatal." *Ib*. 486.

The doctrine of subrogation presupposes the payment of a debt by a party secondarily liable therefor, who thereby acquires an equitable right to be reimbursed by the principal debtor and for the purpose of making this right effective is invested with all the rights which the creditor had against him (the principal debtor). Restatement of Restitution, *s*. 162; 60 C. J., Tit., Subrogation, *s*. 25, and cases cited. As hereinafter shown, the obligation to pay compensation under the statute rests solely upon the employer and no such obligation is imposed upon a third party who causes injury to one not his servant. It, therefore, appears that the necessary relationship between the parties, out of which a right to subrogation might arise, is not present in a case like the one at bar, and for this reason we think that the words above quoted from the *Holland* case which limit the conclusion there stated to "cases where the injuries are fatal" should be dispensed with. It may now be stated without qualification that, in the absence of contract, legislation is essential to create a right of subrogation in the employer to the rights of an injured employee against a third person.

It follows in the present case that the insured employer, Mc-

Cullough, has no derivative rights against the Varick Company growing out of the claimed liability of that company to his injured employee. Indeed it should be stated that no claim of a derivative right in McCullough against the defendant has been advanced by the plaintiff except so far as it may be implicit in the plaintiff's general reliance upon the principle of subrogation. On the contrary, the plaintiff seems to have proceeded upon the theory that McCullough has an independent right of action for indemnity against the defendant to recover the amount of compensation with which he was chargeable and which has been paid by his insurer. The result of this contention would be to impose upon the defendant a double liability, requiring it to pay both damages at common law for the injury to the servant, and the amount of compensation provided by the statute.

The basis of the plaintiff's claim is thus stated in the plaintiff's brief: "It is a well settled principle in New Hampshire that where one is forced to pay an injured party for an injury he has not brought about by his own fault, and the injury is due to the fault of a third party, the person, so compelled to pay, may recover from the party actually at fault," citing *Boston & Maine Railroad* v. *Brackett*, 71 N. H. 494; *Boston & Maine Railroad* v. *Sargent*, 72 N. H. 455.

If this language may be accepted as a reasonably accurate statement of the factual result of the decision in the *Brackett* case, it cannot be accepted as a satisfactory statement of the general rule determining the right to indemnity. Normally the right to indemnity arises only when there has been a discharge by one person of a duty also owed by another and the general rule determining when the right arises has been stated as follows: "A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct." Restatement of Restitution, *s.* 76.

Clearly this is not a case for indemnity within the principles thus stated. The duty of an employer to pay compensation under the statute is entirely separate and distinct from the duty of a third person to pay damages to a servant for personal injuries caused by his negligence. "The proceeding [for compensation] is not to recover damages for wrong done but to obtain compensation for loss sustained regardless of any wrong." *Holland* v. *Company*, 83 N. H. 482, 483. Hence a release of all claims for compensation under

the statute does not bar an action by the injured workman for damages against a third party, (*Stacy* v. *Company*, 83 N. H. 281) nor does the payment of a judgment for personal injuries against a third party bar a subsequent petition for compensation against the employer, (*Holland* v. *Company*, 83 N. H. 482). "The employer is not called upon to discharge the wrongdoer's liability but is only to make good some part of its consequences." *Ib*. 487.

The statement in the plaintiff's brief that "The Varick Company now must admit that the London company has paid $1,521.25 of Varick Company's indebtedness" is clearly unsound. The Varick Company owed Tessier no duty to pay him compensation under the Workmen's Compensation Law and the payments made by Mc-Cullough's insurance carrier merely discharged his statutory duty to his employee, which was in no sense a duty owed by the Varick Company. We, therefore, conclude that the essential legal obligations from which a right to indemnity may arise, are lacking in the present case.

Consonant with this conclusion is the language used by this court in the case of *Holland* v. *Company, supra*, where it was said: "It may be pointed out that the party in fault for the workman's death has not injured the employer . . . Even if it may be the proximate result of the wrong that the employer has to pay compensation, there is no liability and the law gives him no rights against the wrongdoer." *Ib*. 485.

It should perhaps be stated, however, that if the legal relationships necessary to the creation of a right of indemnity were present, the required factual basis for recovery has not been established in the present case. As was clearly stated in the *Brackett* case, a party claiming indemnity against a tort liability must establish his own freedom from fault. "Plaintiffs are not entitled to judgment until they procure a finding of fact in their favor upon the question of their own care." *Boston & Maine Railroad* v. *Brackett*, 71 N. H. 494, 500.

In order to meet this requirement, the plaintiff argues as follows: "In the action of Tessier, the jury found a verdict for the plaintiff, Tessier. No appeal has been taken from that verdict, therefore, it has been judicially determined that the Varick Company is solely responsible for the accident to Tessier." Of course, as the defendant points out, the verdict of a jury is not a final judgment, but an examination of the record demonstrates upon other grounds that this argument is a complete *non sequitur*.

Tessier was injured by falling down an elevator shaft in the defendant's store where McCullough was engaged in construction operations. There was evidence that the doors designed to give access to the elevator were open at the time of the accident but that the elevator had been removed to one of the upper floors of the building. It was the contention of the plaintiff that the Varick Company was negligent in failing to provide proper locks for these doors or to furnish other adequate protection of the opening into the elevator shaft. There was abundant evidence, however, from which it might be found that the immediate cause of the accident was the negligence of McCullough's foreman, who admittedly took the elevator away from the floor upon which the plaintiff was working. In spite of his vigorous denial, it might be found that he failed to close the doors of the elevator shaft before taking the elevator to an upper floor. Under these circumstances the only necessary finding with reference to this defendant, involved in the verdict of the jury was that the negligence of the Varick Company contributed in part to cause Tessier's injury. No finding that the Varick Company was solely responsible for the accident was implicit therein and obviously McCullough's freedom from fault was not established thereby.

From the foregoing considerations it follows that the motion for a nonsuit was properly granted, and the order now must be

*Judgment for the defendant.*

All concurred.