Hillsborough
No. 7442

ALLSTATE INSURANCE COMPANY

v.

RESERVE INSURANCE COMPANY

December 30, 1976

*Wiggin & Nourie* and *William S. Orcutt (Mr. Orcutt* orally) for the plaintiff.

*Devine, Millimet, Stahl & Branch* and *Andrew D. Dunn (Mr. Dunn* orally) for the defendant.

GRIFFITH, J.    Plaintiff's suit against the defendant alleges negligent failure of the defendant company to settle an action against its insured within its policy limits with resulting damage to the plaintiff which carried the overage coverage. Reserve's motion to dismiss was denied by the Trial Court *(Flynn,* J.).

Gerard E. Moreau, who was insured with both Reserve and Allstate, was operating an automobile on April 10, 1971, which struck William R. Lewis, a pedestrian. Reserve's policy provided liability coverage in the amount of $15,000 and Allstate provided excess coverage. A jury trial of the ensuing suit by Lewis against Moreau was defended by Reserve and resulted in a verdict of $30,000. Reserve satisfied the verdict to the extent of its coverage and Allstate paid the balance. In its present action, Allstate alleges Reserve had an opportunity to settle the case within its policy limits and negligently failed to do so with the result that Allstate was required to pay the sum of $15,024.65 under its excess coverage policy.

The question presented is one of first impression in this jurisdiction: Whether an insurance company providing excess coverage to its insured has a cause of action against the primary carrier for its negligent failure to settle a case within the primary policy limits.

It is settled law in this jurisdiction that an insurer owes a duty to its insured to exercise due care in defending and settling claims against the insured, and that a breach of that duty will give rise to a cause of action by the insured. *Dumas v. State Mut. Auto Ins. Co.,* 111 N.H. 43, 274 A.2d 781 (1971); *Dumas v. Hartford &c. Ind. Co.,* 94 N.H. 484, 56 A.2d 57 (1947); *Dumas v. Company,* 92 N.H. 140, 26 A.2d 361 (1942). Allstate argues that this principle would sustain its action against Reserve, either on the basis of the standard subrogation clause present in Moreau's policy which constitutes an assignment of the insured's rights against Reserve, or under general negligence principles on the theory that Reserve owed a direct duty to Allstate to use due care to protect its interests.

We perceive no relationship between the two insurers which would impose directly upon Reserve a duty to exercise due care in regard to Allstate. *See Garland v. Railroad,* 76 N.H. 556, 86 A. 141 (1913). We agree, however, that Allstate is entitled to bring an action against Reserve on the basis of Moreau's assignment clause. Other courts have sustained the right of excess insurers to maintain an action against the primary carrier under a theory of equitable subrogation. *See American Fidelity & Cas. Co. v. All American Bus Lines,* 190 F.2d 234 (10th Cir. 1951); *Peter v. Travelers Ins. Co.,* 375 F. Supp. 1347 (C.D. Cal. 1974); *Home Ins. Co. v. Royal Indem. Co.,* 68 Misc. 2d 737, 327 N.Y.S.2d 745 (1972). *See also* Bloom, *Recovery Against Primary Insurer by Excess Carrier for Bad Faith or Negligent Failure to Settle,* 36 Ins. Counsel J. 235 (1969); R. Keeton, Insurance Law § 7.8 (d) (1971). We find it unnecessary to utilize a subrogation analysis in view of our rule that tort claims of this sort are assignable as choses in action. *Dumas v. State Mut. Auto. Ins. Co.,* 111 N.H. 43, 46, 274 A.2d 781, 783 (1971); *Jordan v. Gillen,* 44 N.H. 424 (1862).

Reserve contends that under the circumstances presented in this case, the assignment is ineffective because no cause of action accrues without injury and that due to the protection afforded by Allstate's excess coverage Moreau will suffer no financial loss. We cannot accept this argument as we have previously recognized that a cause of action for negligent failure to settle is not dependent upon the insured's prior payment or the certainty of his future payment of the judgment against him. *Dumas v. State Mut. Auto Ins. Co.,* 111 N.H. 43, 45-46, 274 A.2d 781, 782-83 (1971); Keeton, *Liability Insurance and Responsibility for Settlement,* 67 Harv. L. Rev. 1136, 1175 (1954).

Reserve further argues that the action should be barred because

Allstate paid the excess judgment in accordance with an insurance contract for which it had accepted premiums. This has never been thought a bar to action under a subrogation insurance contract by an insurer which had paid an insured for collision damage against a third party who negligently caused the damage and we can conceive of no reason to bar it here. Reserve also argues that the sophistication of Allstate and its ability to buy its own peace with a claimant on the excess coverage are reasons to dismiss the action. This argument does not take into account that the fundamental basis of the action for negligent failure to settle lies in the absolute control over settlement given to the primary insurer by the insurance contract. Bloom, *Recovery Against Primary Insurer by Excess Carrier for Bad Faith or Negligent Failure to Settle,* 36 Ins. Counsel J. 235, 236 (1969).

*Exception overruled; remanded.*

BOIS, J., did not sit; the others concurred.

ON REHEARING. After the foregoing was filed, the defendant's motion for rehearing was granted.

*Wiggin & Nourie, William S. Orcutt,* and *Gordon A. Rehnborg (Mr. Rehnborg* orally) for the plaintiff.

*Devine, Millimet, Stahl & Branch* and *Andrew D. Dunn (Mr. Dunn* orally) for the defendant.

PER CURIAM. On rehearing, defendant contends that because there is nothing in the pleadings or in the record that was originally before this court showing a subrogation or assignment clause contained in the policy issued by Allstate to Moreau, this court may not rule, as it did, "that Allstate is entitled to bring an action against Reserve on the basis of Moreau's assignment clause."

However, the inclusion of a subrogation or assignment clause in insurance policies is standard practice. Defendant in its original brief argued extensively that Allstate could "take nothing by way of assignment" and that subrogation could not be a basis of recovery. Plaintiff in its original brief also argued contractual subrogation. On rehearing, the insurance policy itself was appended to plaintiff's brief showing such a subrogation clause and this was revealed by plaintiff to defendant in answer to interrogatories.

Both parties have fully argued the effect of this clause and nothing has been brought to our attention which alters our previous opinion. Any deficiency in plaintiff's pleadings may be remedied by amendment.

Defendant's reliance upon *Holland v. Company*, 83 N.H. 482, 145 A. 142 (1929) and *McCullough v. Company*, 90 N.H. 409, 10 A.2d 245 (1939) in support of its claim that there can be no subrogation in this case is misplaced. Those cases related to workmen's compensation, liability for which is imposed by statute separate and distinct from any right the injured employee may have against a third party.

> *Former opinion modified by deletion of the last sentence thereof; previous result affirmed.*

March 31, 1977