Cynthia A. SWIATLOWSKI, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO., Defendant.

Civ. A. No. 83–0049–C.

United States District Court,
W.D. Virginia.

April 10, 1984.

Bruce D. Rasmussen, Charlottesville, Va., for plaintiff.

J.W. Morris, III, John M. Claytor, Richmond, Va., for defendant.

MEMORANDUM OPINION

MICHAEL, District Judge.

The plaintiff filed her complaint in the above-referenced lawsuit on August 23, 1983. On September 19, 1983, the defendant responded with a motion to dismiss.

The motion was argued before the court on October 13, 1983, and at the conclusion of the hearing the parties indicated a desire to brief further the issues in dispute. On February 24, 1984, the final brief was received by the court and the matter is now ripe for disposition. The defendant's motion to dismiss will be denied, but the defendant's motion for a more definite statement will be granted.

The facts alleged by the plaintiff are lengthy and complicated and therefore the court will not attempt a lengthy summary. Briefly, the plaintiff Cynthia A. Swiatlowski is suing the defendant State Farm Mutual Automobile Insurance Company as a result of a $175,000 judgment which was entered against Ms. Swiatlowski in the Circuit Court for the City of Charlottesville (Virginia) on July 6, 1983. The money judgment was obtained against Ms. Swiatlowski after a trial on the issue of damages alone, for a default judgment had been previously entered against her in August of 1982. The state court had refused to vacate the default judgment. Ms. Swiatlowski had been sued by a pedestrian whom Ms. Swiatlowski had supposedly injured in a collision while driving her 1964 Ford on August 31, 1979. Ms. Swiatlowski and her automobile were both insured at that time under an insurance policy provided by the defendant. In the instant complaint, Ms. Swiatlowski claims that the entry of the default judgment against her resulted from the defendant's breach of a number of duties owed to Ms. Swiatlowski. Her complaint contains three counts, which sound both in tort and contract.

In Count I, the plaintiff seeks to recover compensatory damages from the defendant for its breach of its duties under the insurance contract. In particular, it is alleged that the defendant breached the contract by permitting and causing a default judgment to be entered against the plaintiff. In Count II, she seeks compensatory damages for the defendant's negligence in failing to provide her with a defense in the lawsuit filed against her in the state Circuit Court. Finally, in Count III, the plaintiff seeks to recover compensatory and punitive damages against the defendant for its breach of the duty of good faith and fair dealing owed her by her insurance company. The plaintiff refers to this as the "independent tort of insurance bad faith".

On September 19, 1983, the defendant filed a combined Motion to Dismiss/Motion for More Definite Statement. The defendant asserts the complaint fails to state a claim upon which relief can be granted for the following reasons.

1. The allegations of Count I of the Complaint are insufficient in law because there is no allegation that the plaintiff complied with all terms, conditions and conditions precedent to the insurance contract in question.

2. The allegations of Count I of the Complaint are insufficient in law to state a claim for breach of the insurance contract because of failure to allege the defendant was given reasonable and timely notice of the accident, a condition precedent to any liability of the defendant under contract of insurance.

3. The allegations of Count II of the Complaint purport to state a claim for negligent breach of contract which allegations are insufficient in law for failure to state a separate and independent tort in the breach of the contract.

4. The allegations of Count II of the Complaint are insufficient in law because they fail to allege a relationship between Mr. Zunka (i.e., the attorney who allegedly represented Ms. Swiatlowski when the default judgment was entered against her) and the defendant which would allow imputation of any liability to the defendant.

5. The allegations of Count III of the Complaint are insufficient in law because they purport to state a cause of action for "bad faith" breach of contract, a theory of liability which is not recognized by the laws of the Commonwealth of Virginia, and for failure to sufficiently allege a separate and independent tort from the breach of contract alleged in Count I.

■ The court notes at the outset that in ruling upon a motion to dismiss for failure to state a claim upon which relief can be granted, the court must take all allegations in the complaint as admitted. Furthermore, the motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *See Morgan v. American Family Life Assurance Co. of Columbus,* 559 F.Supp. 477, 480 (W.D.Va.1983) As this court hears this matter under its diversity jurisdiction, it is obliged, under the principles of *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to construe and apply the substantive law of the Commonwealth of Virginia. In such a posture, a federal court must "determine the rule that the [state] Supreme Court would probably follow, not fashion a rule which ... an independent federal court might consider best". *Kline v. Wheels by Kinney,* 464 F.2d 184, 187 (4th Cir.1972). Therefore, if Virginia law is unclear or unsettled, the court must attempt to predict how the Supreme Court of Virginia would rule if it were faced with the same issues.

■ The court can easily dispose of the defendant's motion with respect to Count I. The court finds that the plaintiff has stated a claim for breach of contract in her complaint. If the defendant can prove that the plaintiff failed to comply with all the necessary terms and conditions which trigger the defendant's liability under the insurance contract, then at an appropriate time the defendant can move for summary judgment on the claim. The court can also dispose of the defendant's motion with respect to Count II without much discussion. The negligent failure to defend and the negligent defense of a lawsuit are both established causes of action which sound in the tort of negligence. Furthermore, in paragraph 23 of her complaint, the plaintiff has alleged a relationship between Mr. Zunka and the defendant sufficient to impute liability to the defendant for the alleged negligence of Mr. Zunka.

■ With respect to Count III, the defendant has characterized the plaintiff's cause of action as a claim for "bad faith" breach of contract. The plaintiff counters that she has sufficiently pled the independent tort of insurance bad faith. The Supreme Court of Virginia has never addressed the precise question of whether the independent tort of insurance bad faith is a cognizable claim in the Commonwealth of Virginia. However, there is substantial case law on the issue from other jurisdictions, and in addition, this court has recently examined a related matter in *Morgan v. American Family Life Assurance Co. of Columbus,* 559 F.Supp. 477, 482 (W.D.Va. 1983), all of which provide some guidance on the probable rule the Virginia Supreme Court would adopt.

In *Morgan,* this court took notice of the distinction between a cause of action based upon "first-party" claims, i.e., those claims made directly by the insured to the insurer for benefits, and actions based upon "third-party" claims, i.e., those claims made by a third party against the insured, causing the insured to look to its insurer for protection and coverage. *See id.* Virginia and other jurisdictions appear sympathetic to recognizing the tort of insurance bad faith in the third-party context, where a fiduciary duty is owed by the insurer to the insured. Although Virginia has no case law relevant to the first-party claim context, those jurisdictions which have law in this area are less receptive to the tort. In *Morgan,* this court commented on Virginia's receptivity to the tort in the third-party context, the context in which this case arises.

Although the court's research reveals no Virginia authority which either rejects or accepts a cause of action in tort for the wrongful failure to settle a first-party insurance claim, in *Aetna Casualty & Surety Co. v. Price,* 206 Va. 749, 146 S.E.2d 220 (1966), the Supreme Court of Virginia indicated that an insured may recover more than the policy amount for a liability insurer's bad faith refusal to settle below the policy amount a third-party claim against its insured which re-

sults in the third-party obtaining a judgment against the insured greater than the policy amount. In so doing, the court emphasized the "relationship of confidence and trust ... created between the insurer and the insured which imposes upon the insurer the duty to deal fairly with the insured in the handling and disposition of any claim covered by the policy." 206 Va. 761, 146 S.E.2d at 227–28. In other words, the court imposed a duty on a liability insurer to exercise good faith in the settlement of third-party claims against its insured because of the special, almost fiduciary, relationship between the insurer and its insured.

*Id.*

■ The court is aware that the *Aetna* case is not on all fours with the numerous cases from other jurisdictions which have recognized the independent tort of insurance bad faith in the third-party context.[1] However, it does indicate the direction into which Virginia is willing to venture. The cases cited by the defendant in opposition, *Seeman v. Liberty Mutual Ins. Co.*, 322 N.W.2d 35 (Iowa 1982); *Spencer v. Aetna Life & Casualty Ins. Co.*, 227 Kan. 914, 611 P.2d 149 (1980); and *D'Ambrosio v. Pa. Nat. Mut. Cas. Ins. Co.*, 262 Pa.Super. 351, 396 A.2d 780 (1978), are all cases where the cause of action arose in a "first-party" context, and for the reasons noted above, are not persuasive authority on the issue. Therefore, the court will deny the defendant's motion with respect to Count III. The court finds that the plaintiff has

stated a claim for the tort of insurance bad faith.

The defendant argues further that the plaintiff's claim for punitive damages under Count III should be denied under the authority of *Kamlar Corp. v. Haley*, 224 Va. 699, 299 S.E.2d 514 (1983). Although the argument has been briefed by counsel for both sides, the court will decline to make a ruling on this issue at this point, but will reserve the ruling until some point later in the progress of the case, should a ruling ultimately become necessary.

■ Finally, the defendant moved the court to require a more definite statement of the plaintiff with respect to her claims for relief. In particular, the defendant made the following objections to the form of the complaint.

1. In Count II, paragraph 44, plaintiff "incorporates ... by reference all prior pertinent paragraphs ..." without specifying which of the previous 43 paragraphs are "pertinent" and form the basis of this Count of the Complaint.

2. In Count II, paragraph 48, plaintiff "incorporates ... by reference all prior pertinent paragraphs ..." without specifying which of the previous 47 paragraphs are "pertinent" and form the basis of this Count of the Complaint.

3. In Count III, paragraph 53, it is alleged "the above constitute independent tortious acts" by defendant State Farm without being clear which of the above 52 paragraphs are said to constitute such "independent tortious acts" and, further, in the succeeding para-

---

1. The plaintiff, in her brief, has directed the court's attention to the following cases to support her argument that the vast majority of jurisdictions that have addressed the issue recognize the tort. *Dailey v. Integon General Ins. Corp.*, 57 N.C.App. 346, 291 S.E.2d 331 (1982); *Christian v. American Home Assur. Co.*, 577 P.2d 899 (Okl.1977); *McCorkle v. Great Atlantic Ins. Co.*, 637 P.2d 583 (Okl.1981); *Anderson v. Continental Ins. Co.*, 85 Wis.2d 675, 271 N.W.2d 368 (1978); *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973); *Chavers v. National Service Fire & Cas. Co.*, 405 So.2d 1 (Ala.1981); *Phillips v. Aetna*, 473 F.Supp. 984 (D.Vt.1979); *Zumwalt v. Utilities Ins. Co.*, 360 Mo. 362, 228 S.W.2d 750 (1950);

*Grand Sheet Metal Products Co. v. Protection Mutual Ins. Co.*, 34 Conn.Supp. 46, 375 A.2d 428 (1977); *Allstate Ins. Co. v. Reserve Ins. Co.*, 116 N.H. 806, 373 A.2d 339 (1977); *Weber v. Blue Cross of Montana*, 643 P.2d 198 (Mont.1982); *United States Fidelity and Guaranty Co. v. Peterson*, 91 Nev. 617, 540 P.2d 1070 (1975); *State Farm Gen. Ins. Co. v. Clifton*, 86 N.M. 757, 527 P.2d 798 (1975); *Noble v. National Am. Life Ins. Co.*, 128 Ariz. 188, 624 P.2d 866 (1981); *Corwin & Chrysler Plymouth, Inc. v. Westchester Fire Ins. Co.*, 279 N.W.2d 638 (N.D.1979); *Manchester Ins. & Idem. Co. v. Grundy*, 531 S.W.2d 493 (Ky.1975); *Continental Re-Insurance Co. v. Spanton*, 667 F.2d 1289 (9th Cir.1980) (applying Idaho law).

graphs makes reference to unspecified "above acts".

The plaintiff should correct the ambiguity by specifying for the defendant's benefit which of the previous paragraphs are "pertinent" with respect to each count. The court directs the plaintiff to do so within twenty (20) days of her receipt of this Memorandum Opinion and Order. The defendant should then file its answer to the complaint within ten (10) days of its receipt of the plaintiff's clarification.

An appropriate Order shall this day issue.