**ATLANTIC PERMANENT FEDERAL SAVINGS & LOAN ASSOCIATION, Plaintiff,**

v.

**AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, Defendant.**

**Civ. A. No. 86–172–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Oct. 20, 1986.

Walkley E. Johnson, Jr., Crenshaw, Ware & Johnson, Norfolk, Va., for plaintiff.

Steven S. Radin, Kenneth F. Oettle and Davis J. Howard, Sills, Beck, Cummis, Zuckerman, Radin, Tischman & Epstein, Newark, N.J., John B. McCammon and Edward E. Nicholas, III, Wright, Robinson, McCammon & Tatum, Richmond, Va., for defendant.

## ORDER

CLARKE, District Judge.

This matter comes before the Court on Motions for Partial Summary Judgment filed by both the plaintiff, Atlantic Permanent Federal Savings & Loan Association, and the defendant, American Casualty Company of Reading, Pennsylvania.

Plaintiff brings this action pursuant to 28 U.S.C. § 1332, diversity of citizenship, in its own right and as subrogee to the rights of three of its officers. The plaintiff is attempting to recover losses insured under a Directors and Officers Liability Insurance Policy and Loan Blanket Bond issued by the defendant. The insured losses were incurred as a result of the defense and settlement of actions brought by a group of homeowners who contended that they had lost their homes through the fore-closure of deeds of trust held by the plaintiff. The homeowners alleged that the plaintiff and the three-named officers acted in concert with home improvement contractors in obtaining the deeds of trust through artifice, trickery or fraud.

Both parties have submitted briefs on the Motions and oral argument was held on October 2, 1986. Therefore, this matter is now ripe for the Court's consideration.

Initially, the Court would note that summary judgment under Rule 56 is only appropriate when the Court, viewing the record as a whole and in light most favorable to the non-moving party, determines that there exists no genuine issue of material fact. *Terry's Floor Fashions, Inc. v. Burlington Industries, Inc.*, 763 F.2d 604, 610 (4th Cir.1985); *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir.1979). The burden is on the moving party to demonstrate the absence of any genuine issues of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The Court will consider the defendant's Motion for Partial Summary Judgment first and then it will consider the plaintiff's Motion.

The defendant moves for partial summary judgment as to Counts III and V of the Complaint based on the recent decision of the Fourth Circuit Court of Appeals in *A & E Supply Co. v. Nationwide Mutual Fire Insurance Co.*, 798 F.2d 669 (4th Cir.1986). In addition, the defendant moves to have Count IV of the Complaint dismissed because rather than stating a right of action, it merely repeats the prayer for attorney's fees found in Counts I and II.

■ The Court finds that Count V of the plaintiff's Complaint should be dismissed in light of the holding in *A & E Supply Co.* The plaintiff in Count V attempts to assert a private cause of action under the Virginia Unfair Insurance Practices Act, Va. Code § 38.1–49. However, in *A & E Supply Co.* the Fourth Circuit held "that the Virginia Unfair Insurance Practices Act does not establish a private cause of action." *A &*

*E Supply Co. v. Nationwide Mutual Fire Insurance Co.,* 798 F.2d 669, 675 (4th Cir. 1986).

The plaintiff concedes that absent a Virginia Supreme Court decision to the contrary, then *A & E Supply Co.* controls as to Count V. The Court, therefore, GRANTS the defendant's Motion for Partial Summary Judgment as to Count V of the Complaint and DISMISSES it with prejudice.

The second issue raised in the defendant's Motion is that to the extent that Count III of the plaintiff's Complaint alleges a tort of insurer bad faith and seeks punitive damages, it should be dismissed. The defendant relies again on *A & E Supply Co.* which held that in the context of a first-party insurance obligation, Virginia does not recognize the tort of insurer bad faith. The plaintiff asserts that because *A & E Supply Co.* involved a first-party insurance obligation, it should not be controlling in this case which involves a third-party insurance obligation.

■ The Court finds that although *A & E Supply Co.* dealt with a first-party insurance obligation in holding that Virginia does not recognize the tort of insurer bad faith, the holding equally applies in the context of a third-party obligation.

The Fourth Circuit observed that its ruling in *A & E Supply Co.* was entirely consistent with the Virginia Supreme Court's ruling in *Aetna Casualty Surety Co. v. Price,* 206 Va. 749, 146 S.E.2d 220 (1966) which held that a liability insurer must pay an excess judgment if the insurer refuses in bad faith to settle within the policy limits. *A & E Supply Co.,* at 678. The Court also stated that the *Aetna v. Price* decision was grounded in contract and the excess judgment represented consequential damages arising from the alleged breach and not punitive damages for bad faith breach of an insurance contract. *Id.* Furthermore, the Court in *A & E Supply Co.* stated that "[n]o Virginia authority indicates that punitive damages are available in the third-party context." *Id.*

(*Cf. Swiatlowski v. State Farm Mutual Auto Insurance Co.,* 585 F.Supp. 965 (W.D.Va.1984) (holding that *Aetna v. Price* was not on all fours with other jurisdictions which have recognized the independent tort of insurance bad faith in the third-party context and withheld judgment on the issue of punitive damages.))

For the foregoing reasons, the Court GRANTS the defendant's Motion for Partial Summary Judgment as to Count III of the plaintiff's Complaint insofar as the plaintiff seeks to recover punitive damages under an independent tort of insurer bad faith.

The third issue raised by the defendant in its Motion for Partial Summary Judgment is that Count IV of the Complaint should be dismissed because it does not state a separate claim but rather repeats a request for attorney's fees under Va. Code § 38.1–32.1.[1] The defendant asserts that it is unnecessary for the plaintiff to request attorney's fees in Count IV of the Complaint because a request was made in both Counts I and II.

■ The Court finds that plaintiff is seeking attorney's fees under Counts I and II based on common law principles and it is proper for the plaintiff to alternatively seek them under Va. Code § 38.2–209. The Court, therefore, DENIES the defendant's Motion for Partial Summary Judgment as to Count IV of the plaintiff's Complaint.

The plaintiff, in its Motion for Partial Summary Judgment, seeks to resolve two issues. First, its right to proceed as subrogee to the rights of its three officers, and second that any issue as to dishonesty under Exclusion (a)(5) of the Directors and Officers Policy is moot by reason of the settlement of the underlying action.

Under the Directors and Officers Liability Policy, insuring agreement (a), the defendant undertakes to repay any director or officer of an insured association any losses which they become obligated to pay by reason of claims asserted against them in their capacity as directors or officers. In this case, two officers and one former

---

1. Effective July 1, 1986, Section 83.1–32.1 was replaced by Va. Code § 38.2–209.

officer of the plaintiff company, all of whom qualified as insureds under the policy, engaged counsel to defend them and eventually entered into a settlement agreement. The plaintiff paid the officers' costs of defense and ultimately paid the officers' part of the settlement because the defendant would not advance the costs as required under its policy. The plaintiff is now seeking to proceed against the defendant as subrogee.

Under Virginia law, where a person pays another's debt out of legal duty or to protect himself against losses he might suffer if the debt were not paid, subrogation is allowed. *Morgan v. Gollehon*, 153 Va. 246, 149 S.E. 485 (1929). In *Collins v. Blue Cross*, 213 Va. 540, 193 S.E.2d 782, 785 (1973), the Supreme Court of Virginia stated that "[t]he general right of subrogation has long been recognized and favored in Virginia." *Citing Federal Land Bank v. Joynes*, 197 Va. 394, 18 S.E.2d 917 (1942); *McKay v. Citizens Rapid Transit Co.*, 190 Va. 851, 859, 59 S.E.2d 121, 124 (1950). The Court in *Collins* stated that "[s]ubrogation is a device of equity designed to obtain an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity ought to pay it." *Collins v. Blue Cross*, 193 S.E.2d at 784.

■ The officers of Atlantic Permanent have a right to proceed against the defendant under insuring agreement (a) for any costs of defense or settlement incurred by them; therefore, under the principal of subrogation, the plaintiff should be entitled to whatever cause of action inured to the benefit of its officers. The Court finds that to the extent that the officers have a right to proceed against the defendant, so too should the plaintiff under the principle of subrogation.

The Court, therefore, GRANTS the plaintiff's Motion for Partial Summary Judgment as to the issue of the plaintiff proceeding as subrogee against the defendant.

The second issue raised in the plaintiff's Motion for Partial Summary Judgment is that it contends that any issue as to the dishonesty of the officers under Exclusion (a)(5) of the Policy is moot by reason of the settlement of the underlying action. The exclusion reads as follows:

"The insurer shall not be liable to make any payment for loss in connection with any claim made against the Directors or Officers ... brought about or contributed to by dishonesty of the Directors or Officers. However, notwithstanding the foregoing, the Directors or Officers shall be protected under the terms of this policy as to any claims upon which suit may be brought against them, by reason of any alleged dishonesty on the part of the Directors or Officers, unless a judgment or other final adjudication thereof adverse to the Directors or Officers shall establish that acts of active and deliberate dishonesty committed by the Directors or Officers with actual dishonest purpose and intent were material to the cause of action so adjudicated."

Exhibit 1 of Defendant's Rebuttal Brief.

The defendant asserts that regardless of the settlement of the underlying claims, it has a right to separately litigate the coverage issue with respect to the exclusion for the officers' alleged dishonesty. However, the plaintiff asserts that under the language of the exclusion, dishonesty must have been finally adjudicated in the underlying action. The plaintiff relies on *Pepsico, Inc. v. Continental Casualty Co.*, 640 F.Supp. 656 (S.D.N.Y.1986), where a similar issue involving the same dishonesty exclusion was dealt with.

In *Pepsico, Inc.*, the Court rejected Continental's argument that coverage could be precluded by the dishonesty exclusion. The Court stated that the exclusion for dishonesty attaches only after a final judgment or other final adjudication implicates the directors and such a finding would no longer be possible because the underlying action had been settled. *Pepsico, Inc.*, at 659. The Court held that Continental cannot now put the directors and officers on trial to determine whether or not they were dishonest to the point that the policy would not cover them. *Id.* at 659.

The defendant asserts that *Stargatt v. Avenall*, 434 F.Supp. 234 (D.Del.1977)

should be controlling. However, in *Pepsico, Inc.* the Court distinguished *Stargatt* and held that the dishonesty exclusion in the *Stargatt* policy was unconditional and did not predicate its applicability upon a final judgment or other final adjudication as did the exclusion in *Pepsico, Inc. Pepsico, Inc.*, op. at 9. The exclusion for dishonestly in both *Pepsico, Inc.* and in the instant action are the same; therefore, this Court is persuaded by the decision in *Pepsico, Inc. v. Continental Casualty Co.*, 640 F.Supp. 656 (S.D.N.Y.1986).

■ The Court finds that under the Directors and Officers Policy issued by the defendant, the exclusion for the dishonesty of the directors and officers must have been finally adjudicated in the underlying action in order for the defendant to assert it as an exclusion under the policy. The Court is of the opinion that the wording of the exclusion supports this result. The language which the Court relies on is "unless a judgment or other final adjudication *thereof* adverse to the Directors or Officers shall establish...."

The word "thereof" refers to the suit against the directors and officers and unless there is a judgment adverse to them in the underlying suit, then the exclusion does not apply. The Court, therefore, GRANTS the plaintiff's Motion for Partial Summary Judgment with respect to the defendant asserting Exclusion (a)(5) under the policy.

For the foregoing reasons, the Court GRANTS the defendant's Motion for Partial Summary Judgment as to Count V of the plaintiff's Complaint and DISMISSES it with prejudice. With respect to Count III of the plaintiff's Complaint, the Court GRANTS the defendant's Motion insofar as the plaintiff seeks punitive damages for a tort of insurer bad faith. The Court DENIES the defendant's Motion for Partial Summary Judgment as to Count IV of the Complaint. With respect to the plaintiff's Motion for Partial Summary Judgment, the Court GRANTS the Motion as to both issues. The parties are DIRECTED to proceed for trial on this matter accordingly.

The Clerk is DIRECTED to send a copy of this Order to counsel for the plaintiff and defendant.

IT IS SO ORDERED.